# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DAVID J. HAMILTON,

        Petitioner,     :     Case No. 1:12-cv-716

  - vs -                            Chief Judge Susan J. Dlott
                                     Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional Institution,

                                  :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner Hamilton's Objections (Doc. No. 12)[1] to the Magistrate Judge's Report and Recommendations recommending the Petition be dismissed with prejudice (the "Report," Doc. No. 10). Chief Judge Dlott has recommitted the case for reconsideration in light of the Objections (Recommittal Order, Doc. No. 15).

The Petition pleads only one ground for relief:

> **Ground One:** The Scioto County, Ohio Court of Appeals unreasonably applied *California v. Trombetta*, 467 U.S. 479, 104 S. Ct. 2528 (1984), when it determined that the trial court did not err in denying Mr. Hamilton's request that the jury be given a voluntary-manslaughter instruction.

The gravamen of the claim is that the evidence at trial warranted jury instructions for both self-defense and voluntary manslaughter. While the requested self-defense instruction was given, the voluntary manslaughter instruction was refused and the First District Court of Appeals affirmed. *State v. Hamilton*, 2011-Ohio-2783, 2011 Ohio App. LEXIS 2387 (4th Dist. June 2,

---

[1] Although Hamilton was previously represented by Assistant Ohio Public Defender Katherine Ann Szudy, he decided to proceed *pro se* on his Objections (See Doc. Nos. 13, 14).

1

2011).

The Report recommended dismissal of the Petition on three bases: that the claim had not been fairly presented to the state courts, that Hamilton's sole ground for relief did not state a claim cognizable in habeas corpus, and on the merits. Hamilton objects to all three conclusions.

**Fair Presentation**

The Warden asserted Hamilton's Ground for Relief was procedurally defaulted for lack of fair presentation to the state courts.[2] The Report recites at length the federal habeas standard for fair presentation and analyzes Hamilton's Brief on direct appeal under all the possible alternative ways to make a fair presentation. In particular, the Report notes that no federal case law was cited and counsel failed even to mention *California v. Trombetta*, 467 U.S. 479, 104 S. Ct. 2528 (1984), which is the lynchpin of the argument made in this Court.[3] The Report further analyzed all the state cases cited in the Brief and found they "employ. . . the federal constitutional analysis in question." (Report, Doc. No. 10, PageID 1997, *citing McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000)).

Hamilton objects that the relevant assignment of error in state court expressly claims denial of due process under the Fourteenth Amendment (Objections, Doc. No. 12, PageID 2015). That is correct and was acknowledged in the Report (*Id.* at PageID 1996) with the caveat that merely talismanic incantation of the words "due process" does not constitute an argument. *Id.* at PageID 1995, *citing, inter alia, Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006), and

---

[2] Hamilton's Objections argue this claim is "exhausted." (Objections, Doc. No. 12, PageID 2018.) The defense pled by the Warden and upheld in the Report is procedural default, not lack of exhaustion.
[3] The Report also notes that the same attorney represented Hamilton on direct appeal in the state courts and in filing the Petition in this case.

2

*Riggins v, McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

Hamilton also objects that the "Ohio Court of Appeals recognized the federal aspects of the claim." (Objections, Doc. No. 12, PageID 2016.) However, Hamilton points to no federal analysis in the court of appeals opinion in his case. Instead, he notes that the court of appeals cited to *State v. Thomas*, 40 Ohio St. 3d 213 (1988), and the *Thomas* opinion cites many federal cases including *Blockburger v. United States*, 284 U.S. 299 (1932); *Brown v. Ohio*, 432 U.S. 161 (1977); *United States v. Jackson,* 726 F.2d 1466 (9th Cir. 1984); *United States v. Tsanas,* 572 F.2d 340 ( 2nd Cir. 1978); *Keeble v. Unired States,* 412 U.S. 205 (1973); and *Beck v. Alabama,* 447 U.S. 625 (1979). *Id.* at PageID 2016. While it is true that the *Thomas* opinion does in fact cite all of these federal cases, none of them are related to the issue in this case, failure to instruct on a lesser included offense. *Blockburger* and *Brown* concern voluntary manslaughter as a lesser included offense for Double Jeopardy purposes. *Thomas*, 40 Ohio St.3d at 215-16. *Jackson* and *Tsanas* are cited in *Thomas* for the purpose of rejecting them, and they were not in any event cases about the constitutional requirements for jury instructions. *Id.* at 219. *Keeble* is cited for the proposition that a jury just not be encouraged to engage in conjecture for the purpose of offering clemency to the accused, and not for any constitutional proposition. *Id. Keeble* is cited along with *Beck* to show that "[t]he United States Supreme Court has expressly declined to hold whether or not a defendant is entitled to a lesser included offense instruction as a matter of constitutional due process." *Thomas* at 220, n. 7. That proposition is, of course, fatal to Hamilton's position in this case.

Hamilton asserts "[t]he Sixth Circuit decided a nearly identical issue in *Horton v. Warden, Trumbull Correctional Institution*, 498 Fed. Appx. 515, 2012 U.S. App. LEXIS 18721 (6th Cir. 2012)." (Objections, Doc. No. 12, PageID 2017.) In *Horton*, the district court granted

3

habeas relief because the Ohio trial court had refused to give a self-defense instruction.  The Sixth Circuit reversed.  It found Horton had presented a constitutional claim under *Trombetta* in the state courts, but that the state court's refusal to give a self-defense instruction was not an unreasonable application of clearly established federal law.  There appears to have been no question in *Horton* whether the *Trombetta* claim was fairly presented to the state courts.  Hamilton claims "[t]he exhaustion issue in Horton is virtually indistinguishable from the one raised here."  (Objections, Doc. No. 12, PageID 2018.)  On the contrary, there is no exhaustion issue raised at all in *Horton*; nor was there a fair presentation issue.

**Not a Cognizable Claim**

The Report's second basis for rejecting Hamilton's claim was that the United States Supreme Court has never held that a lesser included offense instruction is constitutionally required in a non-capital case (Report, Doc. No. 10, PageID 2005-08).

In his Objections, Hamilton cites *Cupp v. Naughten*, 414 U.S. 141 (1973); *Mathews v. United States,* 485 U.S. 58 (1988); *Trombetta, supra; Tyson v. Trigg*, 50 F.3d 436 (7th Cir. 1997); *Barker v. Yukins*, 199 F.3d 867 (6th Cir. 1999); *Taylor v. Withrow*[4], 288 F.3d 846 (6th Cir. 2002); *Horton, supra; Jackson v. Edwards*, 404 F.3d 612 (2nd Cir. 2005); *Bradley v. Duncan,* 315 F.3d 1091 (9th Cir. 2000); *Allen v. Morris*, 845 F.2d 610 (6th Cir. 1988); *Patterson v. Haskins*, 316 F.3d 596 (6th Cir. 2003); *Gilmore v. Taylor,* 508 U.S. 333 (1993)(O'Connor, J., concurring).  Not a single one of these cases is or points to a United States Supreme Court case holding that there is a constitutional entitlement to a jury instruction on a lesser included offense in a non-capital

---

[4] Cited as *Taylor v. Winthrow* by Hamilton.

case.[5] The general claim that a defendant was constitutionally entitled to a jury instruction is cognizable in habeas corpus and the right to particular instructions has been held to be constitutional, but the Supreme Court has never applied that reasoning to a lesser included offense instruction.

**Merits of the Claim**

Even if Hamilton's Ground for Relief were not procedurally defaulted and the right in question had been recognized by the Supreme Court, he would not be entitled to relief because, as the First District Court of Appeals reasonably held, the evidence did not support a lesser included instruction on voluntary manslaughter.

If the District Judge found, contrary to the recommendation above, that Hamilton had fairly presented his claim, then the Court would treat the First District's decision as a decision on the merits of Hamilton's *Trombetta* claim. When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

Hamilton acknowledges that the Ohio law of voluntary manslaughter has both an

---

[5] *Allen, supra*, found that such a claim was cognizable but that due process required such an instruction only when the evidence supported the lesser included instruction. Allen was decided before the Antiterrorism and Effective Death Penalty Act of 1996 limited district courts to considering rights "clearly established" by Supreme Court precedent.

objective and a subjective element: a defendant must prove that the provocation he suffered was sufficient to arouse the passions of any ordinary person beyond the power of his or her control (Objections, Doc. No. 12, PageID 2023), *citing State v. Elmore,* 111 Ohio St. 3d 515 (2006). Hamilton argues at length the objective prong of the standard (Objections, Doc. No. 12, PageID 2023-26). What he misses is the court of appeals finding on the subjective prong:

> **[\*P93]** Here, Hamilton's attempt to shoehorn a voluntary manslaughter argument with "some evidence" of rage or passion must fail. Hamilton made it very clear that neither rage nor passion motivated the killing. He testified that he was acting in self-defense. Hamilton did not indicate that his fear of Jackson ever transformed into rage, and the record does not support such a conclusion.

*State v. Hamilton, supra.* Hamilton complains that "[t]he court of appeals unduly focused on a small piece of testimony where Hamilton admitted that he was scared when Jackson began assaulting him." (Objections, Doc. No. 12, PageID 2025.) While perhaps small, the testimony is crucial: Hamilton expressly stated that he never became enraged with Jackson (See excerpts from testimony quoted by court of appeals at ¶¶ 75-93, reproduced at Report, Doc. No. 10, PageID 1990-92). Under Ohio law as expressed in *Elmore, supra*, there must be subjective evidence of rage or passion and Hamilton expressly denied that he became enraged.

Even if there were a constitutional right to an instruction on lesser included offenses in non-capital cases, a defendant would still be required to produce evidence sufficient to permit a rational juror to find the elements of the lesser included offense. The state court of appeals concluded that had not happened here. Its conclusion is not "a decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

**Conclusion**

Having reconsidered the case in light of Hamilton's Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

March 7, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).